**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| NINEPOINT CANADIAN SENIOR DEBT MASTER FUND L.P., <br><br> Plaintiff, <br><br> v. <br><br> PACEM DEFENSE LLC, ALS, INC., PACEM SOLUTION INTERNATIONAL LLC, PACEM DEFENCE HOLDINGS INC., AND PACEM ESTATE HOLDINGS LLC, <br><br> Defendants. | Civil Action No. 5:26-cv-207 |

## <u>VERIFIED COMPLAINT</u>

Ninepoint Canadian Senior Debt Master Fund L.P., a limited partnership organized under the laws of the Cayman Islands ("<u>Ninepoint</u>" or the "<u>Plaintiff</u>"), files this Complaint against PACEM Defense LLC, ALS, Inc. (f/k/a AMTEC Less Lethal Systems, Inc.), PACEM Solution International LLC, PACEM Defence Holdings Inc., and PACEM Estate Holdings LLC (collectively, "<u>PACEM</u>" or "<u>Defendants</u>"). Ninepoint's claims arise from Defendants' defaults under loan, security, and guaranty agreements pursuant to which Ninepoint holds a valid, perfected, first-priority security interest in substantially all of Defendants' assets, including specific, identifiable collateral currently held by U.S. Customs and Border Protection (the "<u>CBP</u>"), consisting of approximately 25,024 units of M4301A1 40mm High Explosive Dual Purpose ammunition cartridges (the "<u>Seized Munitions</u>"), at Fort Bragg, primarily located in Cumberland County, North Carolina. Upon information and belief, absent immediate judicial intervention, Defendants' actions will result in the release and transfer of the Seized Munitions beyond the jurisdiction of this Court, irreparably impairing Ninepoint's rights as a secured creditor.

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a limited partnership organized under the laws of the Cayman Islands. Plaintiff's citizenship is determined by the citizenship of its partners, none of whom are citizens of the states as Defendants. Ninepoint maintains its principal place of business in Ontario, Canada.

2. Defendant PACEM Defense, LLC is, upon information and belief, a limited liability company organized under the laws of the State of Virginia.

3. Defendant ALS, Inc. is, upon information and belief, a corporation organized under the laws of the State of Wisconsin.

4. Defendant PACEM Solution International LLC is, upon information and belief, a limited liability company organized under the laws of the State of Virginia.

5. Defendant PACEM Defence Holdings Inc. is, upon information and belief, a corporation organized under the laws of Delaware.

6. Defendant PACEM Estate Holdings LLC is, upon information and belief, a limited liability company organized under the laws of the State of Florida.

7. Upon information and belief, each Defendant's principal place of business is in Perry, Florida.

8. Upon information and belief, Defendants conduct business in and direct activities toward this District, including activities relating to the collateral at issue, and are therefore subject to personal jurisdiction in this Court.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

2

10.	This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Specifically, this Court can exercise federal enclave jurisdiction over this matter, because the personal property at issue is located in Fort Bragg, which is a federal enclave under the exclusive jurisdiction of the United States as defined by Article I, Section 8, Clause 17 of the United States Constitution.

11.	Venue is appropriate in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged below occurred in this District and the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

12.	On or about May 28, 2021, PACEM Defense LLC and ALS, Inc., as borrowers (the "Borrowers"), and PACEM Solution International LLC, PACEM Defence Holdings Inc., and PACEM Estate Holdings LLC, as guarantors (the "Guarantors," and together with the Borrowers, the "Obligors"), entered into that certain Amended and Restated Loan Agreement, with Waygar Capital Inc., as agent for Ninepoint Canadian Senior Debt Master Fund L.P. (the "Lender") (including subsequent amendments thereto, the "Amended Loan Agreement"). A true and correct copy of the Amended Loan Agreement is attached hereto as **Exhibit A**.

13.	On April 15, 2019, Waygar Capital Inc., as agent for Ninepoint, on the one hand, and PACEM Defense LLC, PACEM Solution International LLC, and ALS, Inc., on the other hand, entered into a security agreement, to secure the obligations under the Amended Loan Agreement (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit B**.

14.	The Security Agreement granted Ninepoint a security interest in substantially all of the assets of PACEM Defense LLC, PACEM Solution International LLC, and ALS, Inc., including,

3

without limitation, accounts, contract rights, payment intangibles, general intangibles, inventory, equipment, financial assets, and all proceeds thereof (collectively, the "Collateral").

15. On or about May 27, 2021, PACEM Estate Holdings LLC and PACEM Defence Holdings Inc. executed an Assumption and Supplement to Security Agreement, thereby becoming bound by and granting liens against the Collateral, pursuant to the Security Agreement (the "Assumption and Supplement to Security Agreement"). A true and correct copy of the Assumption and Supplement to Security Agreement is attached hereto as **Exhibit C**.

16. To further secure the obligations under the Amended Loan Agreement, the Guarantors executed and delivered to Ninepoint certain guaranty agreements, including: (a) that certain Guaranty Agreement dated April 15, 2019 by PACEM Solution International LLC; (b) that certain Guaranty Agreement dated May 27, 2021 by PACEM Defence Holdings Inc.; and (c) that certain Guaranty Agreement dated May 27, 2021 by PACEM Estate Holdings LLC (collectively, the "Guaranties" and each a "Guaranty"). True and correct copies of the Guaranties are attached hereto as **Exhibit D**.

17. Pursuant to the Guaranties, the Guarantors unconditionally guaranteed the full payment and performance of all obligations owing to Ninepoint under the Amended Loan Agreement, Security Agreement, and the Assumption and Supplement to Security Agreement (collectively, the "Loan Documents").

18. From 2022 to 2024, the Obligors and Ninepoint entered into multiple amendments to the Amended Loan Agreement, including a First Amendment (March 22, 2022), a Second Amendment (April 29, 2022), a Third Amendment (June 3, 2022), a Fourth Amendment (November 10, 2022), and a Fifth Amendment (April 16, 2024) (collectively, the "Amendments"). True and correct copies of each of the Amendments are attached hereto as **Exhibits E-I**.

4

19. Ninepoint perfected its security interests in the Collateral by filing UCC financing statements in the appropriate jurisdictions, including against: PACEM Defense LLC, PACEM Solution International LLC, PACEM Defence Holdings Inc., AMTEC Less Lethal Systems, Inc (now, ALS) and PACEM Estate Holdings LLC.

20. True and correct copies of the UCC financing statements are attached hereto as **Exhibits J-R**.

21. By virtue of the Loan Documents and UCC filings, Ninepoint holds valid, perfected, and first-priority security interests in substantially all of the assets of the Obligors and their proceeds.

22. The Obligors defaulted under the Amended Loan Agreement by, among other things, failing to pay all outstanding principal, accrued interest, and other charges due at maturity on December 31, 2024 (the "Default").

23. On or about August 6, 2025, Waygar Capital Inc. assigned to Plaintiff all of Waygar Capital Inc.'s right, title, interest, claim and demand in and to the Amended Loan Agreement and the Credit Documents (as defined in the Amended Loan Agreement), including the Guaranties(the "Omnibus Loan Assignment"). A true and correct copy of the Omnibus Loan Assignment is attached hereto as **Exhibit S**.

24. Plaintiff made written demand upon Defendants, including Guarantors, for payment of all sums due and owing on August 18, 2025 (the "Demand"), but Defendants failed and/or refused to pay. A true and correct copy of the Demand is attached hereto as **Exhibit T**.

25. As a result of the Default, Ninepoint exercised its contractual rights to accelerate the indebtedness and declare all obligations immediately due and payable.

5

26. As of November 2025, the Obligors' outstanding indebtedness to Ninepoint exceeded Cdn$95 million, exclusive of ongoing accruals.

27. The Collateral includes specific, identifiable goods, including the Seized Munitions.

28. The Seized Munitions constitute inventory and/or proceeds of inventory within the meaning of the Security Agreement and are therefore subject to Ninepoint's first-priority security interest.

29. Upon information and belief, the Seized Munitions are currently held by the CBP at Fort Bragg, North Carolina.

30. Although the CBP maintains physical custody of the Seized Munitions, Defendants retain the ability to direct their release, designate purchasers, and control their ultimate disposition.

31. Upon information and belief, Defendants are actively attempting to obtain release of and sell or transfer the Seized Munitions.

32. The Seized Munitions are export-controlled, movable goods that, once released, can be transferred internationally.

33. Defendants have acknowledged in sworn filings in a separate litigation that they are actively seeking to obtain and sell the Seized Munitions. Specifically, in a Joint Status Report filed on March 25, 2026 in *DSS A.S. v. PACEM Defense LLC*, Case No. 1:24-cv-01331 (E.D. Va.), Defendants represented that they "have not yet sold the 25,024 M4301A1 HEDP [grenades] previously seized by U.S. Customs and Border Protection" and that they are undertaking ongoing "efforts to obtain and sell" those munitions.

34. Upon information and belief, Defendants have previously engaged in reallocation and redirection of munitions across multiple transactions, demonstrating a risk of further diversion.

6

35.     If released, the Seized Munitions will be transferred outside the United States, beyond the jurisdiction of this Court, and irretrievably lost to Ninepoint as secured collateral.

36.     As a result, Ninepoint will suffer immediate and irreparable harm.

37.     Monetary damages are inadequate because the Collateral is specific and identifiable, proceeds may be dissipated or untraceable, and Ninepoint's secured creditor rights will be impaired once the Collateral is transferred.

38.     Accordingly, Ninepoint is entitled to declaratory and injunctive relief, as well as possession of the Collateral.

### FIRST CLAIM FOR RELIEF
(Declaratory Judgment – 28 U.S.C. § 2201)

39.     Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

40.     An actual, present, and justiciable controversy exists between Plaintiff and Defendants concerning Plaintiff's rights in and to the Collateral, including the Seized Munitions.

41.     Plaintiff holds a valid, perfected, and first-priority security interest in substantially all of Defendants' assets, including the Seized Munitions.

42.     The Seized Munitions constitute "Collateral" within the meaning of the Loan Documents, including as inventory and/or proceeds of inventory.

43.     Defendants' conduct, including their efforts to obtain release of and transfer the Seized Munitions, threatens to impair and defeat Plaintiff's rights as a secured creditor.

44.     Plaintiff seeks a declaration that:

        a.  Plaintiff holds a valid, perfected, and first priority security interest in the Seized Munitions;

        b.  the Seized Munitions constitute Collateral under the Loan Documents;

c. Plaintiff has the right, upon default, to control the disposition of the Seized Munitions; and

d. Defendants may not transfer, encumber, or otherwise dispose the Seized Munitions without Plaintiff's consent.

45. A declaratory judgment is necessary to resolve the parties' rights and prevent irreparable harm.

**<u>SECOND CLAIM FOR RELIEF</u>**
(Action for Possession of Seized Munitions)

46. Plaintiff repeats and realleges paragraphs 1 through 45 as if fully set forth herein.

47. The Seized Munitions constitute specific, identifiable personal property.

48. Plaintiff has a superior right to possession of the Seized Munitions by virtue of: (a) its perfected security interests; and (b) Defendants' default under the Loan Documents.

49. The Loan Documents provide that Plaintiff is entitled to possession of Defendants' personal property, including without limitation the Seized Munitions, upon default.

50. Although the Seized Munitions are currently held by the CBP, Defendants retain control over their release and disposition.

51. Defendants' wrongful exercise of control over the disposition of the Seized Munitions is to the exclusion of Plaintiff's rights.

52. By reason of Defendants' default under the Loan Documents, Plaintiff is entitled to immediate possession of the Seized Munitions upon their release from CBP custody, including, if necessary, through the appointment of a receiver, custodian, or other Court-appointed or approved agent to take control of and preserve the Seized Munitions and to sell the Seized Munitions and apply the proceeds derived therefrom to all sums owed to Plaintiff by Defendants under the Loan

8

Documents and applicable law, or for such other relief to preserve Plaintiff's security interest in the Seized Munitions.

## THIRD CLAIM FOR RELIEF
(Temporary Restraining Order and Preliminary Injunction)

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiff is entitled to immediate emergency relief pursuant to Rule 65 of the Federal Rules of Civil Procedure to prevent the imminent dissipation of the Collateral.

55. The Collateral at issue is specific, identifiable property consisting of approximately 25,024 units of M4301A1 40mm High Explosive Dual Purpose ammunition cartridges currently held by the CBP.

56. Upon information and belief, Defendants are actively seeking to obtain release of the Seized Munitions from the CBP and to transfer or sell such munitions to third parties.

57. Once released, the Seized Munitions will be transferred internationally and beyond the jurisdiction of this Court, rendering any judgment ineffectual and depriving Plaintiff of its secured collateral.

58. Plaintiff will suffer immediate and irreparable harm absent emergency relief because: (a) the Seized Munitions are unique, identifiable collateral; (b) the Collateral is subject to imminent release; (c) the Collateral will be transferred outside the United States; and (d) Plaintiff's security interest cannot be restored once the Collateral is dissipated.

59. Plaintiff is likely to succeed on the merits because: (a) Plaintiff holds a valid, perfected, first-priority security interest in the Collateral; (b) Defendants are in default under the Loan Documents; and (c) Defendants have no right to dispose of the Collateral without Plaintiff's consent.

9

60. The balance of equities strongly favors Plaintiff because Plaintiff seeks only to preserve the status quo, while Defendants are in default and seek to dissipate the secured Collateral.

61. The public interest favors granting emergency relief to enforce Plaintiff's secured creditor rights and prevent the unlawful transfer of export-controlled munitions.

62. Plaintiff is therefore entitled to a temporary restraining order and preliminary injunction enjoining Defendants from: (i) transferring, selling, assigning, or otherwise disposing the Seized Munitions; (ii) directing, requesting, or facilitating the release of the Seized Munitions from the CBP until further order of the Court; (iii) modifying or pursuing export licenses relating to the Seized Munitions; and (iv) otherwise interfering with Plaintiff's rights in the Collateral.

**WHEREFORE**, Plaintiff prays to the Court:

(i) On Plaintiff's *First Claim for Relief*, Plaintiff is entitled to a declaratory judgment, pursuant to the provisions of 28 U.S.C. § 2201, determining that (a) the Seized Munitions constitute Collateral under the Loan Documents; (b) Plaintiff holds a valid, perfected, and first priority security interest in the Seized Munitions; (c) upon default, Plaintiff has the right to control the disposition of the Seized Munitions; and (d) Defendants may not transfer, encumber or otherwise dispose of the Seized Munitions without Plaintiff's consent;

(ii) On Plaintiff's *Second Claim for Relief*, that the Court grant Plaintiff immediate possession of the Seized Munitions upon their release from CBP custody, including, if necessary, through the appointment of a receiver, custodian, or other Court-appointed or approved agent, and the right to sell the Seized Munitions pursuant to the Loan Documents and applicable law and to apply the net proceeds of the Seized Munitions to the outstanding balance owed to Plaintiff;

(iii) On Plaintiff's *Third Claim for Relief*, that the Court accept the *Verified Complaint* as an affidavit in support of *Plaintiff's Motion for Temporary Restraining Order, or in the*

*Alternative, for a Preliminary Injunction*, and immediately enter a temporary restraining order and preliminary injunction enjoining Defendants and their respective employees, members, managers, shareholders, officers, directors, assigns, licensees, representatives and agents from (a) transferring, selling, assigning or otherwise disposing the Seized Munitions; (b) directing, requesting, or facilitating the release or transfer of the Seized Munitions from the CBP until further order of the Court; (c) modifying or pursuing export licenses relating to the Seized Munitions; and (d) otherwise interfering with Plaintiff's rights in the Seized Munitions;

(iv)    For an award of Plaintiff's reasonable attorneys' fees under the Loan Documents and applicable law;

(v)    That all costs of this action be taxed against Defendants; and

(vi)    For such further relief this Court deems just and proper to accord Plaintiff full relief in this matter.

Respectfully submitted, this the 1st day of April, 2026.

WILLIAMS MULLEN

BY: ***/s/ Kelly C. Hanley***
Kelly Colquette Hanley
NC State Bar No. 25130
301 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27601
T: (919) 981-4000
E: khanley@williamsmullen.com

Lara Kasten Hoffman*
Pryor Cashman LLP
NY State Bar No. 5413372
7 Times Square
New York, New York 10036-6569
T: (212) 421-4100
E: lhoffman@pryorcashman.com
*Attorneys for Plaintiff Ninepoint Canadian*
*Senior Debt Master Fund, L.P.*
*\*Anticipated Pro Hac Vice*

11

# VERIFICATION

I, Joseph Micallef, declare as follows:

I am a Director of Ninepoint Canadian Senior Debt Master Fund GP Inc., general partner of Ninepoint Canadian Senior Debt Master Fund LP, the Plaintiff herein.

I have read Plaintiff's Complaint against PACEM Defense LLC, ALS, Inc. (f/k/a AMTEC Less Lethal Systems, Inc.), PACEM Solution International LLC, PACEM Defence Holdings Inc., and PACEM Estate Holdings LLC. I know the contents thereof to be true based on my own personal knowledge, except as to such matters therein based on my information and belief, and, as to such matters, I believe them to be true.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of April, 2026.

By: _____
Joseph Micallef